45 F.3d 432
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Timothy DALE, Defendant-Appellant.
 No. 94-2707.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 5, 1994.
Decided Jan. 6, 1995.
 
 Before BAUER, REAVLEY* and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Timothy Dale was convicted of knowingly distributing crack in violation of 21 U.S.C. Sec. 841(a)(1) and was sentenced to eighteen months in prison and six years of supervised release. He appeals arguing that the jury was not given the proper instruction and that a transcript of the conversation during the alleged drug transaction was improperly used during jury deliberations. We affirm.
 
 BACKGROUND
 
 2
 On May 12, 1992, Craig Ivy, a law enforcement confidential source, was instructed to go into the residence of Timothy Dale and Rhonda Shelton to purchase cocaine. He was searched prior to entering the house and he came out of the house with crack. Ivy testified that there were two males in the kitchen of the residence and identified one as Timothy Dale, who he called by his nickname "Silk." Ivy stated that he asked Dale for "five," meaning five pieces of cocaine. He testified that Dale left the room for a few seconds and came back with the drug and took $100 from Ivy. The conversation taking place during the transaction was recorded. Ivy identified Dale as the person participating in the transaction. Dale's brother testified that the voice during part of the transaction was not his brother's voice, but rather the voice of another male present during the transaction.
 
 
 3
 A written transcript of the taped conversation was created. The jury was given the transcript and listened to the tape with the transcript in hand. The jury was also allowed to have a copy of the transcript during jury deliberations. Defense counsel objected, arguing that the transcript was prejudicial because the transcript indicated that Dale was the speaker during the entire drug transaction, and defense counsel had presented evidence indicating that the other male present spoke some of the words during the transaction. Defense counsel also asked for a "presence" instruction, so that the jury would be aware that it could find that Dale was present at the crime but not in the drug transaction. The court refused. Dale argues that the trial court abused its discretion in allowing the jury to use the transcript and in refusing to give a presence jury instruction.
 
 DISCUSSION
 
 4
 When reviewing a challenge to the sufficiency of the jury instructions, the Court must determine " 'whether the instructions as a whole were sufficient to inform the jury correctly of the applicable law and the theory of defense.' " United States v. Rice, 995 F.2d 719, 724 (7th Cir.1993) (citations omitted). The jury instructions in this case made clear that the identity of the person speaking during the drug transaction was a question to be resolved by the jury based on the evidence presented at trial. The instructions also made clear that a guilty verdict required a finding by the jury that Dale intended to sell the drugs and passed them from his possession to Ivy's possession. The district court's refusal to include the defendant's jury instruction was not an abuse of discretion.
 
 
 5
 This Court has held that a district court does not abuse its discretion by allowing the jury to use transcripts that contain the names of the purported speakers in the margins. United States v. Keck, 773 F.2d 759, 766 (7th Cir.1985). Transcripts of recorded conversations may also be allowed into the jury room. United States v. Dorn, 561 F.2d 1252, 1257 (7th Cir.1977). The court made it clear to the jury that the tape recording was the evidence in the case and that the transcript was not. The jury knew that it had to resolve any issue as to the identity of the speakers on the tape in light of the evidence introduced at trial. The instructions given to the jury concerning the function of the transcripts obviated any prejudice raised by any alleged inaccuracy contained in it. Id.
 
 
 6
 AFFIRMED.
 
 
 
 *
 Of the Fifth Circuit, sitting by designation